IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE, as Father and Next Friend of JANE DOE, a Minor Child, <br><br> Plaintiff, <br><br> vs. <br><br> OMAHA PUBLIC SCHOOL DISTRICT, a Political Subdivision, and CONNIE EICHHORN, in her official and individual capacities, <br><br> Defendants. | 8:04CV295 <br><br> MEMORANDUM AND ORDER |

Before the court is the defendants' Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Filing No. 35. The court, having considered the motion, the plaintiff's response, the defendants' reply, the record, and the relevant law, determines that the defendants' Motion to Dismiss should be granted in part and denied in part.[1]

**Background**

The events giving rise to this lawsuit began during the last week of February, 2004, when Jane Doe and J.D. were students at Burke High, a high school in the Omaha Public School District ("OPS"). *See* Amended Complaint at ¶ 7, Filing No. 33. During that week, and during school hours, Jane Doe, a 15-year-old ninth grader, alleges that J.D., a high school senior, sexually assaulted her in a school restroom which had been closed due to construction. *Id.* Jane Doe and her father brought the alleged sexual assault to the attention of the school's principal, Connie Eichhorn ("Eichhorn"). *Id.* at ¶ 8. Approximately

---

[1] The court notes that the Amended Complaint and the briefs submitted by both parties are convoluted, overly-complicated and difficult to understand. The court expects future pleadings and briefs to be to the point, organized, and well-researched.

one week later, on March 4, 2004, Eichhorn determined that the sexual encounter between Jane Doe and J.D. was consensual. *Id.* at ¶¶ 9, 20, and 34. As a result, Eichhorn suspended both students for a period of three days. *Id.*

Following the suspension of Jane Doe, John Doe, on behalf of Jane Doe, filed this lawsuit alleging: (1) that OPS exhibited deliberate indifference to sexual discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"); (2) that OPS and Eichhorn deprived Jane Doe of equal protection and both substantive and procedural due process of law, in violation of 42 U.S.C. §1983; and, (3) that OPS and Eichhorn violated Jane Doe's First Amendment and Title IX rights by retaliating against her for reporting the alleged sexual assault. Defendants responded, filing a motion to dismiss pursuant to Fed. R. Civ .P. 12(b)(6), arguing that plaintiff's complaint fails to state claims upon which relief can be granted. Plaintiff replied, arguing that defendants' motion should be denied.

## Rule 12(b)(6) Standard

For the court to dismiss a complaint under Rule 12(b)(6), the court considers all the facts alleged in the complaint as true, and construes the pleadings in the light most favorable to the plaintiff. *Schmedding v. Tnemec Co.,* 187 F.3d 862, 864 (8th Cir. 1999). A complaint is successfully challenged if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* Relief is granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.* However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal

requirements of the claim to avoid dismissal. *Briehl v. Gen. Motors Corp.,* 172 F.3d 623, 627 (8th Cir. 1999). With this standard in mind, the court now examines the plaintiff's complaint.

## Title IX Violation

Defendants have filed a motion to dismiss the Title IX claims in this case. Title IX of the Education Amendments of 1972 provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving financial assistance.

29 U.S.C. § 1681(a). Defendants contend that plaintiff has failed to state a cause of action against either Eichhorn or OPS.

### a. Defendant Eichhorn

With respect to the plaintiff's Title IX claims against Eichhorn, defendants contend those claims fail because Title IX supports only institutional, not individual, liability. The court agrees. A damage remedy under Title IX is only available against an education program or activity receiving federal financial assistance, not against individuals. *See Kinman v. Omaha Pub. Sch. Dist.,* 171 F.3d 607, 611 (8th Cir. 1999) (Title IX does not support an action against individuals). Consequently, to the extent plaintiff is suing defendant Eichhorn in her individual capacity under Title IX, such claim is dismissed.

### b. Defendant OPS

With respect to the plaintiff's Title IX action against OPS, defendants contend that claim fails because the complaint does not allege facts, which, if true, would show that OPS acted with deliberate indifference motivated by Jane Doe's sex. A school district

"may be liable for subjecting [its] students to discrimination where the recipient [of federal funds] is deliberately indifferent to known acts of student-on-student sexual harassment and the harasser is under the school's disciplinary authority." *See Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 646-47 (1999). Where misconduct occurs during school hours, it is indeed taking place under the operation of the funding recipient. *Id.* at 646. In addition to showing deliberate indifference, the alleged victim must show the sexual harassment is sufficiently severe and pervasive that it "undermines and detracts from the victims' educational experience," and that the alleged victim is "effectively denied equal access to an institutions' resources and opportunities." *Id.* at 631. The court notes, however, that when it comes to disciplinary matters, this court will not become a super-school board by substituting its judgment for that of school administrators. The Supreme Court cautions that "[i]t is not the role of the federal courts to set aside the decisions of school administrators which the court views as lacking a basis in wisdom or compassion." *Wood v. Strickland,* 420 U.S. 308, 326 (1975).

The plaintiff claims that OPS knew that J.D. had a previous history of harassment of others and that if it had taken some remedial action the whole incident could have been prevented. *See* Amended Complaint at ¶ 6. Plaintiff alleges that the response by OPS to Jane Doe's claim of sexual assault constitutes deliberate indifference. Plaintiff further asserts that Jane Doe has, in fact, been deprived of educational opportunities, that she was forced to leave her high school and attend another high school, and that her school record will be permanently marred by this incident. Although this is a very close case, the court finds that for purposes of the motion to dismiss, the plaintiff has pleaded a cause of

4

action under Title IX. Despite the fact that it would have been better practice for the plaintiff to more specifically plead his deliberate indifference and his deprivation facts in support of his amended complaint, the court notes that his hands have been somewhat tied in that regard. The plaintiff requested supporting information from the defendants prior to trial and again after they filed suit. Defendants moved immediately to stay all discovery, pending this court's determination of the motion to dismiss. The magistrate granted plaintiff's request. While the defendants are certainly entitled to make such a request, unanswered questions remain that can now only be raised at the summary judgment stage. Consequently, the court finds that the motion to dismiss the Title IX claim is denied as to OPS.

## 42 U.S.C. §1983 – Civil Rights Act Violation[2]

The Supreme Court held that the doctrine of respondeat superior may not be used to fasten liability on a local government in a suit under § 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 691 and 694 (1978). A municipality can be liable under § 1983 only for acts taken pursuant to its official policy, statement, ordinance, regulation or decision, or pursuant to a municipal custom. *Id.* Accordingly, OPS may be liable under § 1983 only if Jane Doe was deprived of her federal rights and the moving force behind that deprivation was an unconstitutional OPS custom or official OPS policy. *Id.* at 694; *Mettler v. Whitledge,* 165 F.3d 1197 (8th Cir. 1999). "'Policy' is an official policy, a

---

[2]The defendants contend that qualified immunity applies to defendant Eichorn. Because the court finds that the constitutional claims have been sufficiently pleaded for purposes of the motion to dismiss, the arguments in regard to qualified immunity and individual liability are premature and should be raised at the summary judgment stage of this proceeding.

deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler,* 165 F.3d at 1204 (citations omitted).

Section 1983 provides a mechanism for seeking redress for alleged deprivations of federal constitutional and federal statutory rights by persons acting under color of state law. *Roe v. Humke,* 128 F.3d 1213, 1215 (8th Cir. 1997). To establish a prima facie case, plaintiff must prove two elements: (1) the action occurred "under color of law," and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Id.* The Eighth Circuit has observed that the color of state law element of § 1983 suits requires that the defendant "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law.'" *Id.* (citations omitted). In order to determine if a public employee is acting under color of state law, the court must examine the nature of the officer's conduct and its relationship to the performance of the officer's statutory duties. *Id.* "It is clear that under 'color' of law means under 'pretense' of law." *Id.* "Thus, acts of officers in the ambit of their personal pursuits are plainly excluded." *Id.* In this case, the plaintiff alleges that the school's officer acting in that capacity unjustly suspended Jane Doe. Thus, the plaintiff has properly established the first element. The court now turns to the question of whether plaintiff properly makes a claim of a constitutional right. As set forth herein, plaintiff claims due process and equal protection violations pursuant to a custom or policy established by the defendants.

### a. Substantive Due Process

The plaintiff alleges a substantive due process violation. To establish a substantive due process claim, the plaintiff must show that the defendants' actions were "arbitrary or

capricious." *Richmond v. Fowlkes,* 228 F.3d 854, 859 (8th Cir. 2000). To establish this, plaintiff must claim that the government's conduct either shocked the conscience or offended judicial notions of fairness or human dignity. *Costello v. Mitchel Public School Dist.,* 79, 266 F.3d 916, 921 (8th Cir. 2001) (citations omitted). Conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level. *County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998). However, the court cautioned that conduct giving rise to a substantive due process claim need not necessarily have been undertaken with an intent to injure. *Id.*

State actors have no constitutional duty to protect people from each other except when there is a "special relationship" or the state creates a danger. *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 201-02 (1989); *Norfleet v. Arkansas Department of Human Services,* 989 F.2d 289, 293 (8th Cir. 1993); *Gregory v. The City of Rogers, Arkansas,* 974 F.2d 1006, 1010 (8th Cir. 1992). The later exception, upon which plaintiff relies, applies where the state affirmatively puts a person in a position of danger that the person would not otherwise have been in but for the state's intervention. *S.S. v. McMullen,* 225 F.3d 960, 962 (8th Cir. 2000). "Mere knowledge of danger to the individual does not create an affirmative duty to protect." *Carlton v. Cleburne County, Arkansas,* 93 F.3d 505, 509 (8th Cir. 1996). However, the court does not apply a standard of heightened specificity, more stringent than the usual pleading requirements of the civil rules, in cases alleging municipal liability under § 1983. See *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (citing *Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993)).

The plaintiff claims that Jane Doe was put in danger by her school because the school knew of J.D.'s past history of assaults, the school failed to protect her before the assault, and the school arbitrarily suspended her after the assault, without appropriate procedural protections as discussed below.  Further, plaintiff alleges in his amended complaint that OPS has a policy and custom to tolerate rather than to punish or deter sexual assaults.  For purposes of the motion to dismiss, and given the fact that no discovery has occurred that would permit the plaintiff to provide further factual detail, the court will at this time allow the lawsuit to proceed.   Again, however, defendants are free to raise this issue at the summary judgment stage, if appropriate.

### b. Procedural Due Process

Plaintiff claims OPS denied Jane Doe's procedural due process protections when it failed to notify her of the claims alleged against her by J.D.  Initially, plaintiff and Jane Doe went to Eichhorn to tell her of the alleged assault.  Thereafter, it appears that Jane Doe received some sort of notification that she had received a three day suspension.  Plaintiff contends that OPS policy requires that notice be given to Jane Doe, prior to any disciplinary action being taken.  Plaintiff contends that there is an OPS policy that requires such notice, and they ask the court to permit them to conduct discovery that will produce such policies.   The Supreme Court has explained what process is due in the school discipline context. *Goss v. Lopez,* 419 U.S. 565 (1975).  To comport with due process, the Supreme Court explained, suspension and expulsion procedures must provide the student with a meaningful opportunity to be heard. *Goss,* 419 U.S. at 581.  The proceedings need not, however, take the form of "a judicial or quasi-judicial trial," as long as the student is given notice of the charges against him, notice of the time of the hearing and a full

opportunity to be heard, and as long as the expulsion procedures do not offend due process requirements. *Id.* "[I]t is sufficient that the school district give the student notice of the reasons for which he will be excluded from school and an opportunity to respond to and contest those reasons if the student desires." *Horton v. Marshall Public Schools,* 769 F.2d 1323, 1334 (8th Cir. 1985).

Here, Jane Doe presented her side of the story regarding the sexual assault. *See* Amended Complaint at ¶ 8. Plaintiff claims that once Jane Doe became the accused, and not the victim, and once OPS decided to invoke disciplinary action against her, OPS failed to comply with its own procedural policies. Plaintiff argues that Jane Doe did not receive any opportunity to respond to the charges or the disciplinary proceedings. The court finds that plaintiff has alleged sufficient facts in this regard to comply with the notice pleading requirements.

### c. Equal Protection Claim

Plaintiff must establish there was unequal treatment of persons similarly situated, or that the defendants acted with an intent to discriminate against Jane Doe based on her gender. *See Washington v. Davis,* 426 U.S. 229, 239 (1976); *Herts v. Smith,* 345 F.3d 581 (8th Cir. 2003). "To state a prima facie claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that (1) he is otherwise similarly situated to members of the unprotected class; (2) he was treated differently from members of the unprotected class; and (3) the defendant acted with discriminatory intent." *Greer v. Amesqua*, 212 F.3d 358, 370 (8th Cir. 2000). Plaintiff argues that female students who report sexual assault are disfavored and disciplined on the basis of their gender and that

OPS has a policy that tolerates sexual assaults. The court will, likewise, allow plaintiff to conduct discovery on the equal protection claim, and will deny defendants' motion to dismiss the claim at this time.

### Retaliation Claims

"In order to establish the elements of a retaliation claim under 42 U.S.C. § 1983, [a plaintiff] must show that she engaged in constitutionally protected activity, that [defendants'] adverse action caused her to suffer an injury which would 'chill a person of ordinary firmness from continuing ... in that activity, and that the adverse action was motivated in part by [plaintiff's] exercise of her constitutional rights." *Carroll v. Pfeffer*, 262 F.3d 847, 850 (8th Cir. 2001), citing *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir.1998). Plaintiff alleges no policy or custom of retaliation on the part of OPS.

Plaintiff alleges that Jane Doe engaged in her first amendment right to speak out about the alleged sexual assault. Plaintiff further contends that OPS disciplined Jane Doe as a result of expression of her first amendment right. Plaintiff argues that such discipline has chilled Jane Doe and others who might have responded to future sexual assaults from reporting such incidents to the school administration. However, plaintiff offers no law that would support his contention that merely reporting a sexual assault to the principal constitutes protected speech. Jane Doe spoke with Eichhorn concerning the alleged sexual assault. The plaintiff alleges that Eichhorn discussed the alleged sexual assault with J.D. and then determined both parties should be suspended. Absent a showing that this is protected speech, plaintiff fails to meet his burden of establishing a valid claim of retaliation in this case, either under § 1983 or under Title IX, and this claim will be dismissed.

10

**Punitive damages**

Plaintiff has requested an award of punitive damages. Defendants have asked the court to dismiss this request, alleging that plaintiff has no claim for punitive damages. A claim for punitive damages is permitted against personal defendants. *Smith v. Wade*, 461 U.S. 30 (1983). Punitive damages are not permitted against a municipality in a § 1983 action. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). However, it appears that neither the United States Supreme Court nor the Eighth Circuit have decided this issue directly as to the allowance of punitive damages against the school district under Title IX. Nevertheless, the court agrees with the extensive rationale of the Northern District of Iowa, that absent express statutory authority to do so, there is no punitive damages claim against a school district under Title IX. See, e.g., *Schultzen v. Woodbury Central Comm. School District*, 187 F. Supp.2d 1099, 1128 (N.D. Iowa 2002).

IT IS, THEREFORE, ORDERED that the defendants' Motion to Dismiss the Amended Complaint (Filing No. 35) is granted in part and denied in part as set forth herein.

DATED this 26th day of September, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge