# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE, as Father and Next Friend of JANE DOE, A Minor Child,      ) ) ) Plaintiff, ) ) v. ) ) ) OMAHA PUBLIC SCHOOL DISTRICT, a Political Subdivision, and CONNIE EICHHORN, in her official and individual capacities, ) ) ) ) ) ) Defendants. ) | 8:04CV295  STIPULATION, CONFIDENTIALITY AGREEMENT, AND PROTECTIVE ORDER |

The parties, by their attorneys, hereby stipulate and agree as follows:

1. For the purposes of this Stipulation, Confidentiality Agreement, and Protective Order, the parties agree to define "Children" as witnesses or potential witnesses in the above-captioned proceeding who are under the age of nineteen or who were under the age of nineteen during the events alleged in Plaintiff's Amended Complaint. The parties agree to protect the privacy of the Children and agree that it is not in the best interests of any of the Children for any of the parties to publicly reveal the Children's identities.

2. All information, documentation, and materials produced by the parties in this matter designated as "Confidential Information" will be held confidential. The parties agree that "Confidential Information" may include, but is not limited to: 1) the names and personally identifiable information of Children; 2) the educational records of students or former students of the Omaha Public School District; and 3) other information the parties contend is necessary or prudent to designate as confidential.

3. Any party may designate as confidential any information, document, or thing that said party furnishes to another party or to the Court in connection with this litigation. Such designation shall constitute a representation to the Court that such party in good faith believes that the information, document, or thing so designated constitutes Confidential Information. Such designation shall be made pursuant to the procedures set forth in paragraphs 6 and 7 below. Parties seeking information or otherwise conducting discovery from non-parties, shall attach to their requests a copy of this Protective Order so as to

apprise such persons or entities of their rights. Moreover, any information, document or thing produced without its being designated as confidential shall not thereby be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be designated as Confidential Information, provided it is so designated before the close of discovery in this litigation.

4.   The parties recognize that such Confidential Information should not be disclosed, generally, to the public at-large. Confidential Information will be disclosed only to the court and its personnel, plaintiff, defendant, counsel and its personnel, and court reporters who have a need for such disclosure and who are directly involved in the preparation or trial of this matter.

5.   Confidential Information may be disclosed to other persons requested by counsel to furnish technical or expert services, or others who may give testimony in this matter. Prior to disclosing Confidential Information to any person outlined in this paragraph, counsel will show a copy of this Order to him/her and have him/her acknowledge in writing, in the form attached as Exhibit A, that he/she has read this Protective Order, understands its terms, and agrees to be bound by them. Counsel will retain these acknowledgments and will provide them to opposing counsel only upon agreement of the parties or by Order of the Court.

6.   Any document, or thing, or interrogatory answer that a party furnishes to any other party in connection with this Litigation, which contains information the furnishing party believes to be Confidential Information, shall be stamped on each page by the party furnishing the information with the legend "CONFIDENTIAL." If Confidential Information is furnished via tapes or by electronic means, the furnishing party may designate such information as confidential in a letter reasonably identifying such Confidential Information; any hard copy printouts of such Confidential Information shall be stamped or imprinted with the legend "CONFIDENTIAL." Information that a party furnishes to another party in connection with this Litigation in a form other than a document, tapes, or electronic records, and which the furnishing party believes to be Confidential Information, shall be so specified by the furnishing party in writing at the time it is furnished.

7.   Notwithstanding the provisions of Paragraph 6 above, parties and deponents may, on the record of a deposition, or within seven (7) business days after receiving a

deposition transcript, designate pages of the transcript (and exhibits thereto) as Confidential Information pursuant to the criteria set forth in this Protective Order. Until expiration of the seven-business day period, the entire deposition transcript shall be treated as if designated as Confidential Information pursuant to this Protective Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or exhibits (other than exhibits that were previously designated as "Confidential" pursuant to Paragraph 6 above) will be treated as confidential. If a timely designation is made, the cover of the transcript shall be prominently marked and, in the event such deposition transcript and/or exhibits are filed with the Court, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

8. Confidential Information and any reports, summaries, analyses, or other papers derived from it shall be retained by and/or under the control of counsel.

9. Confidential Information shall be used only in connection with this action and shall not be used for any business, competitive, personal, private or public purpose, or any other purpose.

10. Upon termination of this action, including all appeals, counsel shall, within 90 day thereof, collect all Confidential Information and return to opposing counsel, or destroy, all Confidential Information produced by opposing counsel. Counsel may retain Confidential Information, but only for the purpose of preserving a file in this matter.

11. Nothing in this Protective Order constitutes a finding or admission that Confidential Information is in fact confidential, proprietary or otherwise not subject to disclosure. Any party may bring before the court at any time the question of whether any particular Confidential Information does, in fact, contain confidential material or the question of whether this Protective Order should be modified.

12. The foregoing is entirely without prejudice to the right of either party to apply to the Court for any further protective order relating to any confidential documents or information; or to apply to the Court for an Order compelling production of documents; or for modification of this Order, or for an order permitting the disclosure of any confidential documents or information beyond the terms of this Order. This Protective Order is subject to modification at any time upon further stipulation of the parties or pursuant to Order of the Court.

13. The parties request that the Court, without hearing, render an Order incorporating the terms of this Stipulation.

| | |
|---|---|
| Dated: <u>January 26, 2005</u> | JOHN DOE, as Father and Next Friend of JANE DOE, A Minor Child, |
| | By: <u>s/ Maren L. Chaloupka</u><br>Maren L. Chaloupka<br>Chaloupka, Holyoke, Hofmeister,<br>  Snyder & Chaloupka<br>1714 Second Avenue<br>P.O. Box 2424<br>Scottsbluff, NE  69363-2424 |
| | and |
| | K.C. Engdahl<br>Ballew, Schneider, Covalt,<br>  Gaines & Engdahl, PC, LLO<br>1625 Farnam Street, #300<br>Omaha, NE  68102 |
| Dated: <u>January 26, 2005</u> | OMAHA PUBLIC SCHOOL DISTRICT and CONNIE EICHORN, Defendants, |
| | By: <u>s/ Lindsay K. Lundholm</u><br>Kirk S. Blecha (#14703)<br>Lindsay K. Lundholm (#22224)<br>Elizabeth Eynon-Kokrda (#21174)<br>of  BAIRD, HOLM, MCEACHEN, PEDERSEN,<br>  HAMANN & STRASHEIM LLP<br>1500 Woodmen Tower<br>Omaha, NE  68102-2068<br>Phone: 402-344-0500 |

**IT IS SO ORDERED.**

Dated this 27th day of January, 2006.

>BY THE COURT:
>
> s/Thomas D. Thalken
> United States Magistrate Judge

4

## EXHIBIT A

## ACKNOWLEDGMENT

The undersigned, in connection with the case of *John Doe, as Father and Next Friend of Jane Doe, A Minor Child v. Omaha Public School District, a Political Subdivision, and Connie Eichhorn, in her official and individual capacities,* in the United States District Court for the District of Nebraska, Court File No. 8:04-CV-00295, hereby acknowledges that she/he has read the Protective Order entered in this case, that she/he understands the provisions prohibiting the disclosure or other use of Confidential Information, and that she/he agrees to abide by it and to be bound by the provisions of the Protective Order. The undersigned further acknowledges that failure to comply with the provisions of this Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby.

Dated: _____                    _____

Subscribed and sworn to before me

this ____ day of_____, 2006.